[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14733
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00047-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC MOORMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 3, 2009)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Eric Moorman, a federal prisoner proceeding pro se, appeals the district

court's order reducing his total sentence, under 18 U.S.C. § 3582(c)(2), for two crack cocaine-related convictions from 328 to 264 months' imprisonment, but denying his request for a below-amended guidelines range sentence.

In 1995 Moorman was convicted on two federal drug charges involving crack cocaine, his guidelines range was 292 to 365 months' imprisonment, and he was sentenced to 328 months. In 2008 he moved for § 3582(c)(2) relief and, specifically, for a sentence below the guidelines range as reduced by Amendment 706. The district court found that his amended guidelines range was 235 to 293 months' imprisonment and it reduced his sentence to 264 months, the midpoint of that amended range.

Moorman contends that the district court should have reconsidered factual issues that were decided at his original sentencing hearing. He also contends that he was entitled to a below-amended guidelines range sentence under Booker[1], and that his amended sentence was unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

1264, 1267 (11th Cir. 2002). Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the defendant's sentence, after considering applicable § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).[2] However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

_____

[2] Unless otherwise indicated, all citations are to the November 1, 2008 version of the Guidelines Manual.

Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. See U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c); see also United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008). Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C, Amend. 706.

When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Bravo, 203 F.3d at 780. Next, the court must decide, in light of the 18 U.S.C. § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. Id. at 781.

If the defendant is eligible for a sentence reduction, the district court must consider the § 3553(a) factors in deciding whether to grant the reduction and, if so, the extent of it. United States v. Williams, No. 08-11361, manuscript op. at 6-7 (11th Cir. Feb. 9, 2009). "The district court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole

4

'demonstrates that the pertinent factors were taken into account by the district court.'" United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quoting United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997)). We have held that a record adequately demonstrated that a district court took into account the § 3553(a) factors when the court briefly stated that it had reviewed the government's brief, and the government had set out in its brief the pertinent factors and facts relevant to those factors. Eggersdorf, 126 F.3d at 1322-23.

A § 3582(c)(2) motion to reduce sentence does not provide a basis for de novo resentencing. U.S.S.G. § 1B1.10(a)(3); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues." Bravo, 203 F.3d at 781-82. "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. at 781. For example, in United States v. Cothran, 106 F.3d 1560 (11th Cir. 1997), we held that the district court in a § 3582(c)(2) proceeding correctly declined to re-examine the number of marijuana plants involved in the drug offense. Id. at 1563.

We recently held that a district court does not have the authority pursuant to

5

Booker[3] or its progeny to reduce in the § 3582(c)(2) context a defendant's sentence in a manner inconsistent with the applicable policy statements of the Sentencing Commission. United States v. Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009). We concluded in Melvin that Booker does not apply to § 3582(c)(2) proceedings and, therefore, does not override the limitations placed on the district court's discretion found in the applicable policy statements for such proceedings. Id. at 7, 9.

The district court did not err in denying Moorman's request that he receive a reduced sentence below the amended guidelines range. First, the district court properly declined to revisit extraneous issues decided at the original sentencing hearing. Second, the holding in Melvin forecloses Moorman's argument that the Sentencing Commission's policy statements were not controlling and he was entitled to have the district court consider imposing a below-amended guidelines range sentence. Finally, to the extent that Moorman has preserved the argument, the record demonstrates that the district court adequately accounted for the § 3553(a) factors in arriving at his amended 264-month sentence. Therefore, we affirm the district court.

**AFFIRMED.**

---

[3] Under Booker, a district court must calculate the guideline range and consult the 18 U.S.C. § 3553(a) factors in order to determine a reasonable sentence at a defendant's original sentencing hearing. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).